## CIRCUIT COURT OF THE CITY OF RICHMOND

Jerome C. Haggerty

v.

Louise Wilkes Robertson

January 4, 1995

Case No. LX-1610-3

BY JUDGE T. J. MARKOW

This matter was tried to the court on November 30, 1994. Plaintiff sues the Defendant as guarantor on a note. The court finds the following facts.

In May, 1993, Jerome Haggerty, the plaintiff, made a loan of $15,000.00 to his attorney, Archibald F. Robertson, Jr. (Robertson), solely for Robertson's benefit. The loan was secured by a promissory note signed by Robertson, both as principal and in his capacity as attorney-in-fact in the name of the defendant, Louise Wilkes Robertson, his sister, as guarantor. Robertson has failed to pay the note, other than making one $500.00 payment against interest, therefore Haggerty seeks repayment from the defendant on the guaranty.

Defendant admits Robertson held a general, durable power of attorney pursuant to a document executed on September 25, 1990, but contends Robertson exceeded the scope of his authority by pledging his principal's name to secure a personal debt. Further, Defendant contends at no time did she hold Robertson out to third parties as possessing such authority under the general power of attorney. Plaintiff counters that the express language of the general power of attorney granted Robertson the authority to pledge Defendant's assets to guarantee his personal debt. Plaintiff additionally argues that the note should be enforced against the defendant because it was reasonable for him to rely on Robertson's representations, based upon the terms of the general power of attorney, that he possessed the authority to bind his sister as guarantor. Haggerty testified that as to the extent of his authority to bind his sister, he relied on Robertson's representation as his

attorney and not on Robertson in his capacity as the attorney-in-fact of the Defendant.

Therefore, the issue before this court is whether Robertson possessed the authority pursuant to the general, durable power of attorney to pledge the assets of his principal to guarantee his personal debt.

Plaintiff cites the specific language of the general power of attorney to support his claim that Robertson possessed explicit authority to sign the defendant's name as guarantor of the note. Clause 3 of the document states the attorney is authorized "To sign, endorse, or assign any note, check, or other instrument of any nature whatsoever, negotiable or non-negotiable, for deposit, discount, collection, or otherwise;" Plaintiff argues pursuant to Clause 3 Robertson was authorized to sign or endorse Defendant's name on a promissory note for virtually any purpose. Additionally, Plaintiff asserts the document, per Clauses 9 and 20, invites third party reliance on Robertson's instructions as attorney-in-fact, therefore it was reasonable for him to rely on Robertson's representations about the scope of his authority. Haggerty never saw the Plaintiff's attorney before making the loan.

Irrespective of the breadth of the power as expressed in the document granting the general power of attorney, the attorney is not authorized to pledge the property of his principal, to secure his personal debt. *Hewes v. Doddridge etc.*, 40 Va. (1 Rob.) 143 (1842). In *Hewes*, the attorney-in-fact pledged his principal's horses to indemnify one acting as surety on a promissory note he had signed. Upon the attorney-in-fact's failure to pay, the surety brought an action of detinue against the principal for the horses. In reversing and setting aside the lower court opinion, the Virginia Supreme Court said,

> When the act is done avowedly under a written authority, the party is with more reason bound to show that it is done in conformity with the objects, and within the expressed or fairly inferred limits, of such authority. Broad as are the terms of the letter of attorney in question, the power given has relation to the business and concerns of the principal, and an act which is not only alien but ostensibly hostile to those interests is not within its scope.

40 Va. (1 Rob.) at 146. Clearly the present facts are governed by the rule articulated in *Hewes*. Here, Robertson possessed very broad powers as outlined in the document granting the general power of attorney. As in *Hewes*, Robertson, the attorney-in-fact, pledged the defendant's property,

her money, to guarantee a loan taken out solely for his benefit. In no way did the loan have any relation to the "business and concerns" of the defendant, therefore Robertson's actions were beyond the scope of the terms of the general power of attorney. As such, the note cannot be enforced against the defendant as guarantor.

This is not a case where the principal created an apparent authority in her brother which caused Haggerty to rely to his detriment. Here Haggerty knew that the guaranty was for the agent's business and in no way to further the business of the principal. When he questioned his attorney Robertson about the extent of authority, in essence a legal opinion, Haggerty relied upon his attorney, not the Defendant's agent, for advice.

Based upon all of the evidence and the controlling case law, Archibald F. Robertson acted beyond the scope of his authority in pledging the defendant's assets to guarantee his personal debt to the plaintiff. Defendant has no liability to Plaintiff as guarantor of the note.